8 Cal.3d 739 (1973)
505 P.2d 223
106 Cal. Rptr. 31
DESERT ENVIRONMENT CONSERVATION ASSOCIATION et al., Petitioners,
v.
PUBLIC UTILITIES COMMISSION, Respondent; SOUTHERN CALIFORNIA EDISON COMPANY, Real Party in Interest.
Docket No. S.F. 22898.
Supreme Court of California. In Bank.
January 26, 1973.
*740 COUNSEL
John R. Phillips, Carlyle W. Hall, Jr., Brent N. Rushforth, Fredric P. Sutherland, Gregg William Hornaday, Leroy A. Simmons and Hornaday & Simmons for Petitioners.
Evelle J. Younger, Attorney General, Larry C. King, C. Foster Knight, Nicholas C. Yost and Norman N. Flette, Deputy Attorneys General, as Amici Curiae on behalf of Petitioners.
John P. Mathis, Mary Moran Pajalich, J. Calvin Simpson, Hector Anninos, Sheldon Rosenthal and James J. Cherry for Respondent.
Rollin E. Woodbury, Robert J. Cahall, John R. Bury and William E. Marx for Real Party in Interest. *741 Sherman Chickering, C. Hayden Ames, Donald J. Richardson, Jr., Edward P. Nelsen, Chickering & Gregory, Gordon Pearce, Frederick T. Searls, Malcolm H. Furbush and Stanley T. Skinner as Amici Curiae on behalf of Real Party in Interest.
OPINION
MOSK, J.
Petitioners seek a writ of mandate to compel respondent Public Utilities Commission to commence immediate preparation of an environmental impact statement in connection with an application by real party in interest for a certificate of public convenience and necessity for a proposed power plant.
The real party in interest, an investor-owned utility company, has requested the commission to approve a one and one-half billion watt electrical generating station to be constructed near petitioners' homes in the high desert area of San Bernardino County. The commission has not yet held a hearing on the application. Petitioners' allegations that the region surrounding the proposed site is ecologically fragile and that the plant would have a significant effect on the environment are not disputed. On the basis of these allegations, petitioners contend the commission must issue an environmental impact statement before holding a hearing on the application and, consequently, must begin preparation of this statement forthwith.
The California Environmental Quality Act of 1970 (EQA) (Pub. Resources Code, § 21000 et seq.) provides for the preparation by state and local governmental entities of written analyses of the environmental impact of proposed projects that may have a significant effect on the environment. The commission, although it has never formally ruled on the issue, has heretofore operated under the assumption that the EQA is not applicable to its issuance of certificates of public convenience and necessity. Amendments clarifying provisions of the existing statute were adopted during the recent session of the Legislature, however, and have laid to rest the commission's reservations. (Stats. 1972, ch. 1154.) The commission is covered by the act (see § 21168.6) and has now so conceded.[1]
*742 A second issue initially raised in these proceedings has also been resolved by legislative clarification: i.e., whether the public agency authorizing a project having a significant effect on the environment must prepare an environmental impact statement in all cases, or need do so only if it files some other report on the project. Section 21100 now provides, inter alia: "All state agencies, boards, and commissions shall prepare, or cause to be prepared by contract, and certify the completion of an environmental impact report on any projects they propose to carry out or approve which have a significant effect on the environment...." (Italics added.)
The sole remaining issue is the time when the report is to be prepared and made public. Petitioners insist this must be completed prior to the hearing on the application. Section 21082, added to the EQA by the recent amendments, has, however, rendered this issue premature. The section requires that within a specified time "all public agencies shall adopt by ordinance, resolution, rule or regulation, objectives, criteria and procedures for the evaluation of projects and the preparation of environmental impact reports pursuant to this division." Such objectives, criteria, and procedures must be consistent with guidelines to be first adopted by the Secretary of the Resources Agency. (§ 21083.) (1a) Thus the Legislature has clearly provided that administrative agencies, rather than the judiciary, have primary responsibility for adjusting administrative procedures to respond to the environmental concerns articulated in the act. The commission stated in oral argument that it intended to adopt regulations pursuant to section 21082 and indicated it would withhold action on the application in the present case until these rules were promulgated. Under these circumstances an order by this court compelling the commission to adopt a particular procedure at this time would contravene the priorities established by the Legislature. Such interference with administrative discretion would do violence to the principle of separation of powers enunciated in article III of the California Constitution.
This is not to say, of course, that regulations under the EQA will be immune from review once adopted by the commission. An administrative regulation authorized by statute is invalid unless it is "consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose *743 of the statute." (Gov. Code, § 11374.) (2) A regulation that fails to satisfy this standard is properly subject to judicial challenge.
(1b) Whatever the significance of the issue petitioners seek to raise, we conclude that its prematurity forecloses a determination on the merits.
The alternative writ is discharged and the peremptory writ denied.
Wright, C.J., McComb, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.
NOTES
[1] The commission initially contended the EQA was inapplicable to the approval by public agencies of privately sponsored activities. We rejected this argument in Friends of Mammoth v. Board of Supervisors (1972) 8 Cal.3d 247 [104 Cal. Rptr. 761, 502 P.2d 1049]. Our interpretation of the act was subsequently confirmed in the amendments to the EQA, which provide that projects for which an impact report is required include "Activities involving the issuance to a person of a lease, permit, license, certificate, or other entitlement for use by one or more public agencies." (§ 21065, subd. (c).) The Legislature expressly stated that this provision was intended "only to declare and to clarify existing law." (Stats. 1972, ch. 1154, § 17.)