[Civ. No. 49967. Second Dist., Div. Three. Apr. 27, 1977.]

FRANK SLIVKOFF, Plaintiff and Respondent, v.
BOARD OF TRUSTEES OF THE CALIFORNIA STATE
UNIVERSITY AND COLLEGES et al., Defendants and Appellants.

**COUNSEL**

Evelle J. Younger, Attorney General, and Marilyn K. Mayer, Deputy Attorney General, for Defendants and Appellants.

Loren E. McMaster and Bernard L. Allamano for Plaintiff and Respondent.

**OPINION**

**POTTER, J.**—This is an appeal by the California State University and Colleges and the trustees thereof; Glen S. Dumke, chancellor; California State College, Sonoma; and Marjorie D. Wagner, president thereof (hereinafter appellants) from a judgment granting petitioner Frank Slivkoff (hereinafter petitioner) a peremptory writ of mandate.

The petition alleged that petitioner had been employed from April 19, 1965, to December 6, 1968, by appellant California State College, Sonoma, as a stationary engineer; that on the latter date he left his employment, "in good standing," until re-employed in the same position on September 28, 1970. On April 24, 1974, petitioner requested an investigation of the possibility of crediting his current sick leave account with the unused sick leave which had accumulated at the time of separation in December 1968. Thereafter, petitioner initiated a grievance requesting such credit. The final action on this grievance was a decision that the request could not be granted.

In their return to the petition, appellants admitted the factual allegations of the complaint. The matter was presented to the court upon

such admitted facts and memoranda of points and authorities. These memoranda submitted to the court included references to provisions of the Constitution of the State of California, the Government Code, the Education Code, and the California Administrative Code. The pertinent provision of the California Constitution was article XXIV, section 4, subdivision (h), which declared that "Officers and employees of the University of California and the California State Colleges" were exempt from civil service.[1]

The Government Code sections to which reference was made included chapter 3 of part I of division 5 (§§ 18100-18107) governing sick leave. The particular pertinent provisions of the chapter were: (a) section 18100, setting forth the conditions for the accrual of sick leave applicable to "[e]ach state officer and employee who is employed full time" and designating the State Personnel Board to "provide by rule for the regulation and method of accumulation of sick leave for civil service employees"; (b) section 18101, permitting accumulation but prohibiting "additional sick leave with pay beyond that accumulated"; (c) section 18101.5 authorizing the State Personnel Board to provide by rule for crediting unused sick leave accrued in a state position exempt from civil service before separation, provided the employee "entered other state service not more than six months after separating from his exempt employment"; (d) section 18105, providing for the administration of sick leave for exempt employees "in accordance with the rules of the State Personnel Board," but as amended in 1972, authorizing the trustees of the California State University and Colleges to "establish and adjust rules for the administration of sick leave," and (e) section 18106, establishing the right of state college employees who previously were employees of a state college auxiliary organization to retain and accumulate sick leave from such former employment.

Another Government Code section referred to was section 19143. The pertinent part of this section, as in effect at all relevant times, read as follows: "Notwithstanding any other provision of the law to the contrary, an employee whose continuity of employment in the state service as either an exempt or civil service employee is broken for six months or

---

[1]In 1976, article XXIV, section 4, was repealed and article VII, section 4, adopted in its place. The new section contains the identical subdivision (h). The comparable exemption in the earlier form of article XXIV, section 4, was subdivision (a)(8) which read as follows: "Persons employed by any state normal school or teachers college."

In *Cal. State Employees Assn.* v. *Trustees of Cal. State Colleges,* 237 Cal.App.2d 530 [47 Cal.Rptr. 73], subdivision (a)(8) was held to exempt nonacademic employees of the state colleges under administration of the trustees.

longer by a permanent separation such as resignation, dismissal, or rejection during a probationary period, and who is subsequently reemployed after December 31, 1949, shall not be credited for service prior to such separation for purposes of layoff or sick leave, nor shall he be credited with any sick leave which he had accumulated prior to his separation, and he shall again serve the months required to qualify for vacation credit. The State Personnel Board shall adopt rules governing the crediting of service before and after such a break in service for purposes of vacation as specified in Section 18050 and the keeping of service records related thereto."

The provisions of the Education Code which were pertinent to the court's determination were section 22600, providing that the California State University and Colleges "shall be administered by a board designated as the Trustees of the California State University and Colleges," and section 24201 which, as enacted in 1961, read as follows:

"The trustees shall provide by rule for the government of their appointees and employees, pursuant to the provisions of this chapter and other applicable provisions of law, including, but not limited to, appointment, classification, terms, duties, pay, leave of absence, tenure, vacation, layoff, dismissal, demotion, suspension and reinstatement.

"The rules adopted by the trustees relating to tenure, layoff, dismissal, demotion, suspension, and reinstatement of academic and administrative employees shall be adopted on or before February 1, 1962 and become effective on July 1, 1962, with respect to employees who are academic teaching and administrative employees as defined in subdivision (1) (e) of Section 24301, as it read on June 30, 1961."

However, in 1972, by the same enactment which amended Government Code section 18105 to permit the trustees to establish and adjust rules for the administration of sick leave, Education Code section 24201 was amended to read as follows:

"*Notwithstanding any other provision of law,* the trustees shall provide by rule for the government of their appointees and employees, pursuant to the provisions of this chapter and other applicable provisions of law, including, but not limited to, appointment, classification, terms, duties, pay *and overtime pay,* leave of absence, tenure, vacation, layoff, dismissal, demotion, suspension, *sick leave* and reinstatement.

"The rules adopted by the trustees relating to tenure, layoff, dismissal, demotion, suspension, and reinstatement of academic and administrative employees shall be adopted on or before February 1, 1962 and become effective on July 1, 1962, with respect to employees who are academic teaching and administrative employees as defined in subdivision (1) (e) of Section 24301, as it read on June 30, 1961." (1972 additions italicized.)

Finally, reference was made to title 5 of California Administrative Code, section 43551. This administrative regulation, as promulgated by the trustees in 1962, read as follows:

"The appointing power may rehire any person, who fulfills all employment requirements, who was previously employed in the state colleges and who left in good standing. Such persons:

"(a) shall acquire permanent status in the same manner as new employees.

"(b) shall, if rehired within five years, be credited with any unused sick leave at the time of previous separation as a regular employee."

In 1972, the words "employed at the campuses" were inserted in lieu of the words "employed in the state colleges"; otherwise, the regulation has remained the same at all times.

The trial court found the facts as admitted by the pleadings, and concluded that appellants had wrongfully failed to give petitioner credit for his unused sick leave. In reaching this conclusion, the court stated its view that (1) Government Code section 19143 "which is contained within the Civil Service Act, does not apply to petitioner who is exempt from the Civil Service Act by virtue of article XXIV, section 4(h) of the California State Constitution"; and (2) Education Code section 24201 "controls over Government Code section 19143"; therefore, title 5, California Administrative Code, section 43551 "was properly adopted by the . . . Trustees in 1962 under the authority of Education Code 24201."

*Contentions*

Appellants contend: (1) that the right to credit for sick leave upon separation and reinstatement of all state officers and employees is limited by Government Code section 19143 to employees whose reinstatement

occurs within six months of their separation; (2) that title 5 of the California Administrative Code, section 43551, is not, therefore, a permissible rule for the government of employees of the California State University and Colleges insofar as it conflicts with Government Code section 19143; and (3) that in any event, section 43551 of the Administrative Code was adopted at a time when the trustees had no authority to adopt rules for the administration of sick leave; subsequent authorization to adopt such rules could not validate the prior exercise of the power.

Petitioner contends: (1) that Government Code section 19143 has no application to employees of the California State University and Colleges because it is a part of the state Civil Service Act, and they are exempt from civil service; (2) that Education Code sections 22600 and 24201 have at all times since 1960 empowered the trustees to make regulations governing the reinstatement of employees, including concomitant credit for sick leave; and (3) that title 5 of the Administrative Code, section 43551, is, and at all times has been, a valid exercise of that power.

### *Discussion*

■ We agree with appellants that Government Code section 19143 limits the right of all state employees whose employment "as either an exempt or civil service employee is broken for six months or longer by a permanent separation," and that the provisions of Education Code sections 22600 and 24201 are not controlling to the contrary. Consequently, the provisions of title 5 of the California Administrative Code, section 43551, to the extent they are in conflict with Government Code section 19143, are invalid. Having reached this conclusion, we find it unnecessary to dispose of appellants' additional contention that section 43551 of the Administrative Code was adopted at a time when the trustees had no authority to adopt any rules for the administration of sick leave.

### *Government Code Section 19143 Is* *Applicable to Employees of the* *California State University and* *Colleges*

■ Unlike the University of California, the California State University and Colleges are subject to full legislative control. Article IX, section 9, of the California Constitution provides with respect to the University of California as follows: "(a) The University of California shall

constitute a public trust, to be administered by the existing corporation known as "The Regents of the University of California,' with full powers of organization and government, *subject only to such legislative control as may be necessary to insure* the security of its funds and compliance with the terms of the endowments of the university and such competitive bidding procedures as may be made applicable to the university by statute for the letting of construction contracts, sales of real property, and purchasing of materials, goods, and services. . . ." (Italics added.)

No such autonomy is accorded by the Constitution to the State University and Colleges. They have only such autonomy as the Legislature has seen fit to bestow. Consequently, the considerations which required that sections 18100-18105 of the Government Code be denied any effect in respect of the sick leave of employees of the University of California in *Newmarker* v. *Regents of Univ. of Cal.,* 160 Cal.App.2d 640, 649 [325 P.2d 558], have no application to employees of the State University and Colleges.

Employees of the State University and Colleges are, therefore, state employees, albeit exempt from civil service by virtue of the provisions of article VII, section 4, subdivision (h) of the California Constitution (formerly art. XXIV, § 4, subd. (h)). As such, they remain subject to the Legislature's full power to govern the conditions of their employment. Consistent with this status, the Legislature has, in Government Code section 18106 specifically required the trustees to give state college employees sick leave credit on account of prior employment in a state college auxiliary organization.

We are then concerned solely with the proper interpretation and reconciliation of the provisions of Government Code sections 18100-18107 and 19143, and Education Code sections 22600 and 24201.

■ The language of Government Code section 19143 is free of any ambiguity. The employees with which it deals are any "employee whose continuity of employment in the state service as *either an exempt or civil service employee* is broken for six months or longer by a permanent separation such as resignation, dismissal, or rejection during a probationary period, and who is subsequently reemployed . . . ." (Italics added.) The term "employee" as used in said section is defined in Government Code sections 18520 and 18526. The latter section states: " 'Employee' means a person legally holding a position in the State civil service." However, section 18520 provides that such definition is not governing

where "the context requires otherwise." The context of Government Code section 19143 clearly requires that the word "employee" as therein used apply to both exempt and civil service employees.

The inclusion of section 19143 in the part of the Government Code relating to the state civil service does not require a contrary construction. It was not a part of the original State Civil Service Act, adopted in 1945. When it was added in 1949, the Legislature apparently desired to establish a uniform standard governing seniority, sick leave and vacation upon reinstatement. Since it covered subjects other than sick leave, it did not fit into chapter 3 of part 1 of division 5 of the Government Code (§§ 18100-18105) which was limited to that subject. Other aspects of reinstatement were already dealt with in article 5 of chapter 6 of part 2 of division 5 in relation to the state civil service. Section 19143 appears to have been added there for want of a better place to insert such a provision dealing with the effect of reinstatement upon seniority and vacation as well as sick leave.

The placement of section 19143 in part 2 of division 5 does not, however, require disregard of its plain meaning by limiting its application to civil service employees. By providing that "employee" could, when the context required, apply to other than civil service employees, the original act contemplated that it might include provisions not limited to civil service employees. In the original enumeration of objectives in section 18500, there was included the general objective "(b) to promote and increase economy and efficiency in the state service," as distinct from "(c) to provide a comprehensive personnel system for the State civil service." Sections other than section 19143 also appear to have general applicability. (See, e.g., Gov. Code, § 18576 governing judicial notice of personnel board rules and amendments which are made applicable to exempt employees under certain circumstances, and § 18707, authorizing the board to provide services and facilities to "state agencies exempted from the state civil service" as well as "to any county, city, district or other subdivision of the State . . . .")

Thus, the later inclusion of Government Code section 19143 in the part of division 5 (Personnel) of the Government Code originally comprising the State Civil Service Act does not justify a disregard of the clear language of that section showing its applicability to both exempt and civil service employees. Further, such meaning being clear, it is of no moment that employees of the State University and Colleges are exempt from civil service and that the provisions of the State Civil

Service Act which are not made applicable to exempt employees do not control their employment. *Cal. State Employees Assn.* v. *Trustees of Cal. State Colleges,* 237 Cal.App.2d 530 [47 Cal.Rptr. 73], held that such employees were not within the civil service. It did not hold that the Legislature had no power to govern their employment by legislative provisions made applicable to both exempt and civil service employees.

There are, moreover, other provisions of the Government Code supporting the interpretation which the clear language of section 19143 requires. Government Code section 18101.5, as amended in 1967, further evidences the Legislature's intent to make separations from exempt service in excess of six months operate to foreclose credit for unused sick leave accumulated prior to separation.[2] This section extends the limitation stated in Government Code section 19143 to all situations where the state employee, rather than returning to the same employment, enters "other state service." Read together, Government Code sections 19143 and 18101.5 cover all possible combinations of circumstances, thus evidencing the Legislature's intent universally to prohibit credit for sick leave where separation exceeds six months.

Having concluded that Government Code section 19143 is applicable to exempt employees and forecloses credit being given for continuity of services broken for six months or longer, consideration must be given to the effect of Education Code sections 22600 and 24201. Section 22600 merely states that the State University and Colleges "shall be administered" by the Board of Trustees. The power to so administer the State University and Colleges does not suggest freedom from legislative regulation.

Education Code section 24201, even as amended in 1972, likewise fails to in any way indicate that the trustees' rule-making power includes the making of rules negating statutory limitations. The operative language is as follows: "Notwithstanding any other provision of law, the trustees shall provide by rule for the government of their appointees and employees, *pursuant to the provisions of this chapter and other applicable provisions of law, . . .*" (Italics added.) The rules thus authorized clearly

---

[2]Government Code section 18101.5 provides as follows: "The State Personnel Board may provide by rule for crediting to the sick leave account of an employee formerly employed in a state position exempt from civil service any unused sick leave standing to the employee's credit at the time of separation from such a position; provided, the employee entered other state service not more than six months after separating from his exempt employment; and provided, such credit may not exceed the amount it would have been if such employment had been in the state civil service."

are rules "pursuant"[3] to law. "[O]ther applicable provisions of law" patently include the provisions of the Government Code. The prefatory phrase "[n]otwithstanding any other provision of law" merely refers to any other provisions of law relating to the making of administrative rules by any other body.

Consequently, there is no conflict between Government Code section 19143 and Education Code sections 22600 and 24201. The latter simply authorize the trustees to issue appropriate administrative regulations and rules which are conformable to legislation governing state personnel.

> *Title 5, California Administrative*
> *Code, Section 43551, Subdivision (b),*
> *Is Invalid Insofar as It Is in Conflict*
> *With Government Code Section 19143*

Subdivision (b) of Administrative Code section 43551 purports to authorize credit for unused sick leave despite interruptions in employment up to five years. Such allowance is, as hereinbefore held, contrary to the limitation stated in Government Code section 19143 that such credit may only be received if the interruption is less than six months.

Section 11374 of the Government Code provides:

"Whenever by the express or implied terms of any statute a state agency has authority to adopt regulations to implement, interpret, make specific or otherwise carry out the provisions of the statute, no regulation adopted is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.

"Any existing rules or regulations conflicting with this section are hereby repealed."

In *Morris* v. *Williams,* 67 Cal.2d 733 [63 Cal.Rptr. 689, 433 P.2d 697], our Supreme Court stated the effect of this Government Code provision. The court said *(id.,* at p. 748): "While the construction of a statute by officials charged with its administration, including their interpretation of the authority invested in them to implement and carry out its provisions,

---

[3]The word "pursuant" when used as an adverb, as it is in this case, is defined in Webster's New International Dictionary (2d ed.) page 2018, as follows: "Agreeably; conformably; according; as, pursuant to our contract."

is entitled to great weight, nevertheless 'Whatever the force of administrative construction . . . final responsibility for the interpretation of the law rests with the courts.' (*Whitcomb Hotel* v. *California Emp. Com.* (1944) 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405], and authorities there collected.) Administrative regulations that alter or amend the statute or enlarge or impair its scope are void and courts not only may, but it is their obligation to strike down such regulations. (*Whitcomb Hotel* v. *California Emp. Com., supra*; *Hodge* v. *McCall* (1921) 185 Cal. 330, 334 [197 P. 86]; *Boone* v. *Kingsbury* (1928) 206 Cal. 148, 161-162 [273 P. 797]; *First Industrial Loan Co.* v. *Daugherty* (1945) 26 Cal.2d 545, 550 [159 P.2d 921]; see *Brock* v. *Superior Court* (1938) 11 Cal.2d 682, 688 [81 P.2d 934].)" (Cited with approval in *Bright* v. *Los Angeles Unified Sch. Dist.*, 18 Cal.3d 450, 459 [134 Cal.Rptr. 639, 556 P.2d 1090].)

More recently, our Supreme Court said in *Desert Environment Conservation Assn.* v. *Public Utilities Com.*, 8 Cal.3d 739, 742-743 [106 Cal.Rptr. 31, 505 P.2d 223]: "An administrative regulation authorized by statute is invalid unless it is 'consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.' (Gov. Code, § 11374.) A regulation that fails to satisfy this standard is properly subject to judicial challenge."

It is thus apparent that title 5, section 43551 of the Administrative Code, insofar as it authorizes credit for sick leave where an interruption of service has extended beyond six months, is void and of no force or effect.

### Disposition

There is no dispute as to the facts of this case. It is, therefore, appropriate to direct the entry of a judgment denying the petition for writ of mandate and declaring that petitioner is not entitled to have his sick leave account credited with the unused sick leave which he had at the time of his separation on December 6, 1968.

The judgment is reversed and remanded to the superior court which is directed to enter a judgment denying a peremptory writ of mandate and declaring that petitioner is not entitled to have his sick leave account

credited with the unused sick leave which he had at the time of his separation on December 6, 1968.

Ford, P. J., and Allport, J., concurred.

A petition for a rehearing was denied May 17, 1977.