**Richard L. MITCHELL, Jr.,
Plaintiff–Appellant,**

v.

**LOS ANGELES COMMUNITY COLLEGE DISTRICT; Leslie Koltai; Virginia F. Mulrooney; Kenneth S. Washington; Catherine Close; Walter C. MacIntosh; Rodney A. Patterson, Defendants–Appellees.**

**Nos. 87–6553, 87–6618.**

United States Court of Appeals,
Ninth Circuit.

Submitted on Briefs Aug. 5, 1988.\*

Decided by Memorandum Aug. 17, 1988.

Redesignated as Opinion Nov. 8, 1988.

As Amended Jan. 11, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Richard L. Mitchell, Jr., Los Angeles, Cal., for plaintiff-appellant.

Warren S. Kinsler, Los Angeles Community College Dist., and Thomas Scheerer, Deputy Atty. Gen., Los Angeles, Cal., for defendants-appellees.

Before KOELSCH, FARRIS and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Richard Mitchell appeals from the district court's grant of summary judgment to the defendants. The appellant brought a complaint alleging employment discrimination based on age, sex and race. The complaint raised claims under 42 U.S.C. §§ 1981, 1983 and 1985; 29 U.S.C. §§ 621–34 (Age Discrimination in Employment Act) (ADEA); 42 U.S.C. § 2000e–2000e–17 (Equal Employment Opportunities) (Title VII); for declaratory and injunctive relief and pendent state claims. The district court found that the appellant's 1981, 1983 and 1985 claims, as well as his ADEA and Title VII claims, were barred by the statute of limitations. Alternatively, the court found that the appellant had failed to raise a genuine issue of material fact to support his allegations of discrimination. The court also found that the defendant Los Angeles Community College District (district) and the individual defendants, enjoyed eleventh amendment immunity from damages or injunctive relief. Further, the court held that the plaintiff's state based constitutional and statutory claims were time barred under California law. We AFFIRM.

## FACTS

The appellant, a 56 year old black male, was a teacher in various capacities in Los Angeles public schools and at various community colleges in the appellee's community college district. In October, 1981, Mitchell filed applications with the district for the positions of assistant dean and dean. The district maintained a "pool" of eligible candidates for these positions at the various Los Angeles community colleges. Members of the pool were eligible for these positions as they became open. Pool members did not have to reapply for these positions as they became available. In 1983, the appellant also applied for the position of Senior Director of Occupational and Technical Education with the district. This position was specially advertised and was not filled from a pool.

None of the application materials used by the district revealed an applicant's race

to those making hiring decisions. Since 1983, these materials also do not reveal an applicant's age. Mitchell became eligible for various assistant dean and dean positions but was never offered a position. He was not recommended for hire after he filed a discrimination claim against the district, but the defendant responsible for not recommending him was unaware of his action. Only four applicants were reviewed for the Senior Director position. An internal policy required that five people be interviewed for the position by a selection committee; but, instead of readvertising the position, the district interviewed all of the applicants including Mitchell. All members of the selection committee rated him as below average in "knowledge of the area of the position" and quality and amount of relevant experience. The committee rated the successful candidate, a white woman, as "far above average" in these and all other categories of evaluation.

### PROCEEDINGS

Early in 1984, the appellant filed a complaint against the district with the U.S. Department of Education Office for Civil Rights (OCR) alleging discrimination on the basis of race, sex and age in the district's Senior Director decision. Because the complaint alleged employment discrimination, the filing with the OCR was deemed to be a simultaneous filing with the Equal Employment Opportunity Commission (EEOC). During the same time period, Mitchell also pursued internal remedies with the district as well as filing a charge with the state Department of Fair Employment and Housing (DFEH). The DFEH informed Mitchell that, pursuant to an agreement between the EEOC and the DFEH, it would defer its investigation to the EEOC. The EEOC, in turn, deferred its investigation to the OCR.[1]

On November 7, 1984, the OCR issued its findings and determination. It concluded that Mitchell was not selected because he lacked the necessary qualifications for the Senior Director position and not because of his race, sex or age. The OCR also found insufficient statistical evidence to conclude that there was a pattern and practice of discrimination on the basis of sex, race or age in the district's hiring for administrative positions. On March 15, 1985, the EEOC issued a "Right to Sue" notice to Mitchell. He received it on March 19, 1985.

On July 17, 1986, Mitchell filed this action in state court. Apparently, all of the defendants except for appellee Catherine Close were properly served. The defendants removed the case to federal court. On March 19, 1987, a default was entered against Close. On April 27, 1987, the district court found good cause to set aside the default because Close was never properly served. On February 9, 1987, all the defendants moved for summary judgment. On September 30, 1987, the court granted summary judgment to all defendants on all claims.

The district court found that the defendants did not discriminate against the plaintiff on the basis of race, age or sex, nor did they deprive him of due process. Relying on *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985) the court determined that a one year statute of limitations applied to Mitchell's 42 U.S.C. §§ 1981, 1983 and 1985 claims. Thus, any claims arising before July 17, 1985, were time barred. The court found these to include all claims relating to the district's hiring decisions regarding the Senior Director position, the retaliation claims, and the claims that the district failed to properly investigate Mitchell's internal claim. The court also found that the plaintiff's ADEA and Title VII claims were barred because he failed to bring this action within 90 days of the EEOC's "Right to Sue" notice. Alternatively, the court found that the appellant had failed to make out a prima facie Title VII employment discrimi-

---

1. On June 17, 1985, the appellant filed another complaint with the EEOC alleging that he was rejected for the assistant dean and dean positions in retaliation for his previous complaints. This charge is still pending before the EEOC.

The DFEH again has deferred investigation to the EEOC and informed the appellant on July 17, 1985, that he had one year from that date to file a private civil suit in state court.

nation claim under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), because the undisputed evidence showed that Mitchell was not qualified for the Senior Director position. The court also found no evidence of discrimination on the basis of age. As to the assistant dean and dean positions, the court found no evidence that the appellant was not hired in retaliation for filing his various complaints because the person responsible for the hiring decision was unaware of them.

The court also found that the district was an agency of the state and thus enjoyed eleventh amendment immunity from Mitchell's suit in damages and his request for injunctive relief. The court further found that all the facts alleged in the plaintiff's complaint related to actions by the individual defendants in their official capacities, acting within the course and scope of their employment. Therefore, the court found that they shared the district's eleventh amendment immunity. Alternatively, as employees performing discretionary functions, the court found these defendants to possess a qualified good faith immunity from the appellant's suit based on *Harlow v. Fitzgerald,* 457 U.S. 800, 817–19, 102 S.Ct. 2727, 2737–39, 73 L.Ed.2d 396 (1982). The court held that all the plaintiff's state claims were time barred under California law. The court awarded no attorney's fees to the defendants. The appellant timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

A grant of summary judgment is reviewed de novo. *Darring v. Kincheloe,* 783 F.2d 874, 876 (9th Cir.1986).

### I. *Eleventh Amendment Immunity.*

■ Under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (eleventh amendment proscribes suit against state agencies "re-gardless of the nature of the relief sought"); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam). To determine whether a governmental agency is an arm of the state, the following factors must be examined: whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity. *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982). To determine these factors, the court looks to the way state law treats the entity. *Mount Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); *Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1349 (9th Cir.1981), *aff'd. sub nom. Kush v. Rutledge,* 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983).

■■ California cases demonstrate that California state colleges and universities are "dependent instrumentalities of the state." *Hayakawa,* 682 F.2d at 1350 (citing *Slivkoff v. California State Univ. and Colleges,* 69 Cal.App.3d 394, 400, 137 Cal. Rptr. 920, 924 (1977) ("California state universities and colleges are subject to full legislative control") and *Poschman v. Dumke,* 31 Cal.App.3d 932, 942, 107 Cal. Rptr. 596, 603 (1973) ("The Trustees of California State Colleges are a state agency created by the Legislature")). As the district court noted, the district's budget is made up of funds received from the state's general fund pursuant to a state calculated formula. In addition, some fees charged by the district's colleges go to the state. We hold that, under California law, the district is a state entity that possesses eleventh amendment immunity from the appellant's section 1981, 1983 and 1985 claims in damages and for injunctive relief. Likewise, the individual defendants share in the district's eleventh amendment immunity because they were sued in their official capacities. Such suits "are, in essence, actions against the governmental entity of which

the officer is an agent." *Hayakawa*, 682 F.2d at 1350; *see Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978).

## II. *ADEA and Title VII.*

■ 42 U.S.C. § 2000e–5(f)(1) (Civil action by Commission, Attorney General, or person aggrieved) requires that an aggrieved party bring suit in court within 90 days of receipt of a "Right to Sue" notice. The 90 day requirement is mandatory and jurisdictional. *Wong v. Bon Marche*, 508 F.2d 1249, 1251 (9th Cir.1975) (per curiam). The appellant filed this suit raising these claims one year and five months after receipt of his "Right to Sue" notice, well after the 90 day period. We hold that the appellant is thus barred from raising his Title VII claim. The appellant's ADEA claim is similarly time barred because he failed to bring suit within two years of the date his cause of action accrued. 29 U.S.C. § 626(e)(1).

## III. *State claims.*

■ Cal.Civ.Proc.Code § 340(1) (West Supp.1988) and Cal.Gov.Code § 12960 (Procedure for prevention and elimination of unlawful employment practices) (West 1980) both require that actions challenging such allegedly unlawful employment practices be brought within one year of the practice complained of. The last actions at issue by the district occurred in 1983 or 1984. The appellant brought this action in July of 1986. We hold that the appellant's state claims are thus time barred.

## IV. *Default.*

■ The district court set aside the clerk of court's entry of default against appellee Close. A district court's decision to enter or set aside a default is reviewed for an abuse of discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). The court found that Close had never been properly served by the appellant. Apparently, the appellant assumed that service on the district was sufficient to serve Close. Close, however, is not an employee of the district. Rather, she is a state employee who works for the state community college board in Sacramento. Also, Close was not represented by the same counsel as were the rest of the defendants. It was not an abuse of discretion to set aside the default on these grounds.

## V. *Attorneys' Fees—Cross Appeal.*

■ The defendants moved for an award of attorneys' fees under 42 U.S.C. § 1988. The district court denied the appellant's application for attorneys' fees. Attorneys' fees decisions under section 1988 are reviewed for an abuse of discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 480 (9th Cir.1985).

In a civil rights case, fees may be awarded against an unsuccessful plaintiff only if his action is "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir.), *cert. denied*, 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984). The appellees heatedly assert that Mitchell's cause of action is meritless and he brought it for vexatious purposes. Their contention is cast more as a quest for sanctions under Fed.R.Civ.P. 11 than a request for attorneys' fees under section 1988. Only in exceptional cases should defendants be awarded attorneys' fees in civil rights cases. *See Mitchell v. Los Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 168, 98 L.Ed.2d 122 (1987) (same plaintiff). Though Dr. Mitchell ultimately did not prevail in his case, we hold that the district court did not abuse its discretion by denying the defendants attorneys' fees.

## CONCLUSION

For the reasons stated above we AFFIRM.