**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THE ANSEL ADAMS PUBLISHING
RIGHTS TRUST, a California partnership,

Plaintiff - Counter-defendant,

v.

PRS MEDIA PARTNERS, LLC, a
California limited liability company; RICK
NORSIGIAN, an individual,

Defendant - Counter-
claimants - Appellants,

v.

THE UNIVERSITY OF ARIZONA,

Counter-defendant - Appellee.

No. 11-16120

D.C. No. 3:10-cv-03740-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey White, District Judge, Presiding

Argued and Submitted November 7, 2012
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before:  BERZON and FERNANDEZ, Circuit Judges, and SMITH, District Judge.[**]

PRS Media Partners, LLC and Rick Norsigian (together, PRS) appeal the district court's dismissal of PRS's claim against The University of Arizona (University) for lack of subject matter jurisdiction.  We review questions of subject matter jurisdiction *de novo*.  *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).

We affirm the district court's conclusion that the University is entitled to sovereign immunity under the Eleventh Amendment.  As a non-jural entity under Arizona law, the University cannot be sued in its own name; rather, the Arizona Board of Regents (Board), as the governing body for Arizona's public universities, is the proper defendant for all actions against the University.  Whether the Board is immune under the Eleventh Amendment is a legal question that the Ninth Circuit has answered in *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345 (9th Cir. 1981), and *Ronwin v. Shapiro*, 657 F.2d 1071 (9th Cir. 1981).  Nothing has changed since the *Rutledge* and *Ronwin* rulings that would cause the Board to lose its immunity.

---

[**]    The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

2

PRS argues that this court's decision in *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1989), enumerates a new test that requires the court to re-visit its determination about the Board's immunity. However, *Mitchell* did not overrule *Ronwin* or *Rutledge* and its test uses substantially the same factors the court considered in those cases. The Ninth Circuit already determined that the Board is entitled to immunity as a matter of law and nothing in *Mitchell* alters this conclusion.

PRS further argues that the Center for Creative Photography's (Center) revenue sources outside of the University negates the University's Eleventh Amendment immunity because a judgment against the University would be paid by the Center and not out of the State of Arizona's treasury. However, PRS failed to name the Center as a defendant, so we cannot say that a judgment against the University would be satisfied by anything other than the State's insurance policy that covers legal judgments incurred by "[t]he [S]tate and its departments, agencies, boards and commissions and all officers, agents and employees thereof and such others as may be necessary to accomplish the functions or business of the [S]tate." Ariz. Rev. Stat. § 41-621(A)(3). Moreover, a judgment against the University would amount to a legal liability incurred by the State, which the Supreme Court has held to be the most important factor in whether an agency is

3

entitled to sovereign immunity.  *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 430-31 (1997).

We also deny PRS's request for leave to conduct further discovery to determine the relationship between the Center and the University because such discovery would be futile.  "Discovery is necessary . . . only if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity."  *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).  The decision of the district court to deny the request for discovery is reviewed for abuse of discretion.  *Af-Cap Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cir. 2007).  PRS conceded in its First Amended Counterclaim that the Center is "a division of the University of Arizona Libraries," E.R. at 102,  and "a public institution [that] exists to serve the public interest, not any single vested interest," E.R. at 104.  Therefore, a suit against the Center would amount to a suit against the Board, which is immune.  No additional discovery could change the Board's immunity, so the district court did not abuse its discretion by denying PRS's discovery request.

Finally, PRS argues that the State of Arizona lacked standing to bring the motion to dismiss on behalf of the University because the State is not a named

4

party.  PRS asserts that the Board would have been the proper entity to file the motion to dismiss in its own name.  As noted above, Ninth Circuit law clearly states that the Board is an arm of the State and the State is the real party in interest in suits against the Board.  Therefore, the State had standing to bring the motion to dismiss.

**AFFIRMED.**