**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROL THOMAS, | No. 17-15766 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-05504-HSG |
| v. | |
| SAN FRANCISCO COMMUNITY COLLEGE DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Carol Thomas appeals pro se from the district court's judgment dismissing

her action alleging race discrimination under Title VI and 42 U.S.C. § 1981.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Ebner v. Fresh, Inc.*, 838

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court properly dismissed Thomas's Title VI discrimination claim because Thomas failed to allege facts sufficient to show that the defendant discriminated against Thomas on the basis of her race. *See Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (setting forth pleading requirements for stating a Title VI discrimination claim), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Thomas's § 1981 claim because the defendant is immune from suit under the Eleventh Amendment. *See Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201-02 (9th Cir. 1988) (explaining that "under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court").

Defendant's motion to dismiss (Docket Entry No. 24) is denied as unnecessary.

**AFFIRMED.**