**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMAD AMMAR, | No.   17-56782 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00456-AB-AGR |
| v. | |
| LOS ANGELES CITY COLLEGE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Ahmad Ammar appeals pro se from the district court's judgment dismissing

his antitrust and 42 U.S.C. § 1985 action alleging equal protection, due process,

and conspiracy claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo a district court's dismissal for failure to state a claim under Fed. R. Civ.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

P. 12(b)(6), *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017), and we affirm.

The district court properly dismissed Ammar's claims against defendant Los Angeles Community College District and his claims for damages against the individual defendants in their official capacity because they were barred by the Eleventh Amendment. *See Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201-02 (9th Cir. 1988) (setting forth test for whether an entity is an agent of the state, and stating that defendants sued in their official capacity are immune); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies "regardless of the nature of the relief sought").

To the extent that Ammar alleged claims for injunctive relief against the individual defendants that are not barred by the Eleventh Amendment, the district court properly dismissed the action because Ammar failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (a complaint must contain enough facts to state a claim for relief that is plausible on its face).

The district court did not abuse its discretion by denying Ammar leave to amend because further amendment would not have cured his pleadings' deficiencies. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (standard of review); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir.

17-56782

2015) (dismissal without leave to amend is appropriate for a pro se litigant when it is certain that the deficient pleadings cannot be cured by amendment).

The district court did not abuse its discretion by denying Ammar's motions for appointment of counsel under Fed. R. Civ. P. 23(g) because Ammar failed to demonstrate that the Rule 23 requirements were met. *See Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (Rule 23 presents more than a mere pleading standard); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (a person generally has no right to counsel in a civil action).

The district court did not abuse its discretion by denying Ammar's motion for clarification and reconsideration because Ammar failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We reject as unsupported by the record Ammar's contention that the district court was biased against him.

**AFFIRMED.**

17-56782