**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A. K. ANDERSON, | No. 22-55328 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-01824-VAP-SP |
| v. | |
| MIGUEL A. CARDONA, Secretary of Education; SAN BERNARDINO COMMUNITY COLLEGE DISTRICT; STEVEN GORDON, Director, Department of Motor Vehicles; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted July 8, 2024**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

A. K. Anderson appeals pro se from the district court's dismissal without leave to amend of his federal and state law claims against San Bernardino Community College District ("SBCCD"), Miguel Cardona as Secretary of Education, Steven Gordon as director of the Department of Motor Vehicles, and Doe defendants. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissals de novo and the denial of leave to amend for abuse of discretion. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962–63 (9th Cir. 2016).

The district court dismissed Anderson's Administrative Procedure Act[1] ("APA") claims against SBCCD and Cardona on sovereign immunity grounds. Although Anderson appears to appeal dismissal of his APA claims, he does not challenge the district court's immunity rulings, and therefore waives the issue. *See Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam). To the extent Anderson appeals the district court's denial of leave to amend the APA claims, the district court did not abuse its discretion because amendment would have been futile. *See Ebner*, 838 F.3d at 968.

The district court did not err by dismissing Anderson's federal civil rights claims against Gordon and Doe defendants under 42 U.S.C. §§ 1983 and 1985(3).

---

[1] Administrative Procedure Act, ch. 324, § 1, 60 Stat. 237, 237 (1946) (codified as amended in scattered sections of 5 U.S.C.).

Anderson's suit against Gordon in his official capacity is effectively a suit against the State of California,[2] which has sovereign immunity from § 1983 and § 1985 claims.[3]  Dismissal was therefore proper, and the district court did not abuse its discretion by concluding that amendment would have been futile.  *See Ebner*, 838 F.3d at 968.

The district court also properly dismissed Anderson's remaining 42 U.S.C. §§ 1983 and 1985(3) claims for failure to state a claim.  Anderson alleged no lack of process for a procedural due process claim under § 1983.  *Cf. Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).  Nor did he allege a substantive due process claim because the complaint alleges suspension was prompted by a legitimate reason,[4] his diagnosis with a seizure disorder.[5]  Finally, Anderson's conclusory allegations that defendants acted in furtherance of a conspiracy in

---

[2] *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed. 2d 301 (1991).

[3] *See Pittman v. Or. Emp. Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).

[4] *See Halverson v. Skagit County*, 42 F.3d 1257, 1262 (9th Cir. 1994).

[5] *See* Cal. Veh. Code § 12806(c); *Anderson v. Davidson*, 243 Cal. Rptr. 3d 536, 544–45 (Ct. App. 2019).

violation of § 1985(3) are insufficient[6] and Anderson does not allege that any

conspiracy was motivated by racial or class-based animus.[7]  Because Anderson

contends he does not need to remedy the defects in his complaint,[8] and because his

several prior proceedings concerning the same events[9] demonstrate that he cannot,

the district court did not abuse its discretion by denying leave to amend Anderson's

§ 1983 and § 1985(3) claims.  Amendment would have been futile.  *See Ebner*, 838

F.3d at 968.

Finally, the district court did not err by dismissing Anderson's state civil

rights claims against Gordon and Doe defendants.  Anderson failed to state a claim

under both sections 51.7(b)(1) and 52.1(b) of the California Civil Code,

respectively, because he did not allege any threats or acts of violence due to his

---

[6] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

[7] *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).

[8] *See Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[9] The district court properly took judicial notice of Anderson's prior cases concerning the events at issue here, and we may do the same.  *See Avilez v. Garland*, 69 F.4th 525, 527 n.3 (9th Cir. 2023); *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

race,[10] or that any defendant threatened, intimidated, or coerced him.[11] The district court did not abuse its discretion by dismissing the claims without leave to amend because Anderson does not argue he can plead any threats, intimidation, or coercion by any defendant and his prior proceedings implicating the same events do not indicate that he can. As such, amendment would be futile. *See Ebner*, 838 F.3d at 963.

**AFFIRMED.**

---

[10] *See Gabrielle A. v. County of Orange*, 217 Cal. Rptr. 3d 275, 294 (Ct. App. 2017); *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 470 (Ct. App. 2007).

[11] *See Gabrielle A.*, 217 Cal. Rptr. 3d at 294; *Austin B.*, 57 Cal. Rptr. 3d at 472.