[Civ. No. 24303.   First Dist., Div. Two.   Apr. 15, 1968.]

CITY OF SAN JOSE et al., Plaintiffs and Appellants, v. CHESTER L. FORSYTHE et al., Defendants and Respondents.

Ferdinand P. Palla, City Attorney, and Richard K. Karren, Assistant City Attorney, for Plaintiffs and Appellants.

Foley & Foley and William J. Foley for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiffs City of San Jose, the Retirement Board of the Federated City Employees' Retirement System, and Jack Marzluft, the city auditor, brought this action for declaratory relief against defendants Chester Forsythe and the Municipal Employees' Credit Union of San Jose.

The facts are without dispute.

Defendant Forsythe was an employee of plaintiff city from March 1, 1962 until March 2, 1964 and while so employed was a member of the retirement system. During the period of his employment, monthly sums were deducted from his salary and deposited in the retirement fund. On July 17, 1963, defendant Forsythe was granted a loan of $1,650 by credit union and executed an installment note and a special power of attorney authorizing defendant credit union "to receive, endorse or collect checks payable to [Forsythe] issued by any person, firm or corporation whatsoever, and to give a full discharge for the same. . . ." Upon the termination of his employment, plaintiff retirement board authorized the return to Forsythe of his accumulated contributions in the sum of $524.71. Plaintiff city auditor drew a warrant in that amount in Forsythe's favor and he and defendant credit union demanded delivery of the warrant.

Under section 2904.128 of the San Jose Municipal Code, the right of any person to money in the retirement fund was unassignable. Plaintiffs assert that section 2904.128[1] prohibited plaintiff city auditor from delivering the warrant to defendant credit union.

Defendant credit union asserts that the power of attorney was in full force and effect and that it was entitled to Forsythe's accumulated contributions in the retirement fund.

[1]In their complaint, plaintiffs actually alleged that Labor Code, section 300, as well as section 2904.128 of the San Jose Municipal Code, prohibited delivery of the warrant to defendant credit union. However, section 300 is by its terms applicable only to an assignment of or power of attorney to collect "wages or salary." The trial court properly found that the section in question did not prohibit delivery of the warrant to defendant credit union, and plaintiffs apparently concede the correctness of this finding and have made no attempt on appeal to rely on section 300.

Forsythe failed to appear in the action, either in person or by counsel, and his default was entered.

At the trial it developed that the proceeds of the warrant, if received by credit union, would be paid to the comakers of the note, who had already paid defendant credit union the amount due under the note.

The trial court made findings of fact in accord with the foregoing statement and further found that defendant Forsythe's default had been duly entered; that Forsythe's accumulated contributions in the retirement fund were not wages or salary within the meaning of Government Code, section 1155;[2] that section 2904.128 of the San Jose Municipal Code did not prohibit plaintiff city auditor from delivering the warrant to defendant credit union; that the power of attorney, which had never been revoked, was a valid instrument as between plaintiffs and defendants and that defendant credit union was entitled to delivery of the warrant.

The court concluded as a matter of law that by allowing his default to be entered, defendant Forsythe had consented to the making and entering of any judgment with respect to the issues raised by the pleadings; and that defendant credit union was entitled to judgment in its favor.

Plaintiffs point out that section 2904.128 of the San Jose Municipal Code prohibits the assignment of ''any benefit or other right under this Part and the money in the Retirement Fund'' and that section 2904.28 of said code defines the term ''benefit'' as inclusive of a ''refund of accumulated contributions.'' Plaintiffs further note that the trial court found that Forsythe's accumulated contributions in the retirement fund were not wages or salary within the meaning of Government Code, section 1155, and that the court based its judgment in favor of defendant credit union upon a narrow and literal interpretation of section 2904.128 as applying only to an ''assignment'' and not to a ''power of attorney.'' Plaintiffs assert that such a construction of the section in question is erroneous because the legal effects of an assignment and a power of attorney are the same, in that both

---

[2]This finding was in response to the contention that under this code section it was permissible to pay the retirement refund to the credit union. Government Code, section 1155, so far as pertinent, reads as follows: ''Public officers and employees . . . may authorize wage and salary deductions for . . . the payment of money to any regularly chartered credit union. Auditors, treasurers and other disbursing officers of any public agency . . . are authorized to recognize and act upon such wage or salary assignments.''

accomplish a transfer to the creditor of the right to collect moneys owed the debtor.

Defendant credit union contends that an assignment and a power of attorney are not the same in legal effect and asserts that the latter term means "a written authorization to an agent to perform specified acts in behalf of his principal," and further asserts that since Forsythe himself certainly possessed the capacity to receive, endorse or collect his own checks, he was also entitled to execute a power of attorney authorizing defendant, as his agent, to perform these acts. Defendant additionally urges that the execution of such a power of attorney cannot be deemed an assignment within the meaning of section 2904.128 of the San Jose Municipal Code, and does not agree that public policy favors protection of sums which an employee withdraws from a pension fund, prior to retirement age, upon termination of his employment.

■ The law of California favors the enforceability of clauses protecting retirement benefits from the claims of creditors. In *Thomas* v. *Thomas* (1961) 192 Cal.App.2d 771, 780, 783 [13 Cal.Rptr. 872], the court commented upon this policy and noted that in almost every instance where retirement programs are the subject of regulation by the Legislature, the rights granted by such programs are preserved against creditors' claims. The *Thomas* case and the instant case present a similar situation in that the party whose funds are sought to be applied to the creditor's demands has disappeared and the protection of the funds is asserted by the retirement agency. The *Thomas* case discusses the prevalence of nonassignability clauses respecting benefits both under public and private programs and finds that the rule in each case is the same, namely: that restrictions on assignability are valid and prevent the transfer to third parties of any rights held by the beneficiary of the plan.

In view of the policy favoring a provision such as that contained in section 2904.128 of the San Jose Municipal Code, the language therein employed should be liberally construed (see *Lande* v. *Jurisich* (1943) 59 Cal.App.2d 613 [139 P.2d 657]).

Although the statute construed in the *Lande* case restricted the assignability of wages or salary, whereas the code section in the instant case prohibits the assignment of retirement benefits or accumulated contributions, it is apparent that both provisions are remedial in nature and ought to be accorded an equally liberal interpretation. ■ In our view, if defend-

ant credit union were permitted to exercise its power of attorney upon Forsythe's accumulated contributions in the retirement fund, said contributions would be transferred to said defendant just as effectively as if Forsythe had assigned to it his interest therein. Under such circumstances, we are satisfied that while a power of attorney is not an assignment, in strict legal parlance, nevertheless the City of San Jose intended, by the enactment of section 2904.128, to prevent an employee from utilizing either device as a means of transferring his interest in the retirement fund.

We find no merit in defendant's contention that accumulated contributions in the retirement fund are not entitled to protection when the employee terminates his employment prior to attaining retirement age. Sections 2904.128 and 2904.28 of the city code are both too broadly worded to support any such construction. The former section prohibits the assignment of ''any benefit or other right under this Part and *the money in the Retirement Fund*'' (italics supplied). The latter section includes in its definition of ''benefit'' a ''refund of accumulated contributions.''

The judgment is reversed, with directions to the trial court to enter a declaratory judgment decreeing that defendant credit union is not entitled, under the power of attorney given to it by Chester Forsythe, to the refund of the contributions to the retirement system made by him.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied May 15, 1968, and the petition of the credit union for a hearing by the Supreme Court was denied June 11, 1968.