[Civ. No. 38010. First Dist., Div. Four. May 17, 1976.]

CALIFORNIA STATE RESTAURANT ASSOCIATION,
Plaintiff and Respondent, v.
EVELYN E. WHITLOW, as Chief, etc., Defendant and Appellant.

COUNSEL

Evelle J. Younger, Attorney General, and Gordon Zane, Deputy Attorney General, for Defendant and Appellant.

Hawkins, Cooper, Pecherer & Ludvigson, Daryl R. Hawkins, M. Armon Cooper and Nathan Lane III for Plaintiff and Respondent.

OPINION

**CALDECOTT, P. J.**—The issue presented on this appeal is whether Labor Code section 450 prohibits an employer in the restaurant industry from requiring a minimum wage employee to take meals as part of his compensation and have the value of the meals deducted from the minimum wage without the written consent of the employee. We conclude that such action is prohibited.

On August 26, 1974, appellant Evelyn Whitlow,[1] as Chief of the Division of Industrial Welfare, Department of Industrial Relations for the State of California, announced her intention to institute a "new policy" regarding certain provisions of the then current minimum wage order of the Industrial Welfare Commission.

Section 4 of Minimum Wage Order No. 1-74 allowed employers in the restaurant industry to take a credit for the value of meals furnished employees against the minimum wage otherwise payable. The "new policy" set forth in a document entitled "Meal Policy for Restaurants Only," inter alia, prohibited a credit against the minimum wage for the dollar value of meals furnished without the *specific written consent of the employee.* It further provided that such consent could be revoked at the beginning of each month. This new policy was based on appellant's determination that the current construction of section 4 of Order No. 1-74 was in violation of section 450 of the Labor Code.

Respondent California State Restaurant Association filed a petition for a writ of mandate to in effect restrain the appellant from putting the "new policy" into operation. The trial court entered judgment granting a

[1]The writ of mandate issued by the trial court was directed to Whitlow, who is hereinafter described as "appellant" although the agency itself is also a named party and appellant.

peremptory writ of mandate in favor of respondent. The appeal[2] is from the judgment.

## I

The court below concluded that section 4 of Minimum Wage Order No. 1-74 "authorizes employers in the restaurant industry to take a credit . . . for meals furnished or reasonably made available to employees without the specific written consent of such employees to have the value of such specific meals credited by employers against the minimum wage otherwise due the employees . . . ." Because the appellant's "new policy" would thus constitute an amendment to the order, the court held that it was beyond the scope of her authority, as only the Industrial Welfare Commission has the power to adopt or change a minimum wage order. (Lab. Code, § 1182.)

Appellant contends that the wage order is silent on the issue of consent to meal credit deductions, and that there has been no administrative interpretation of the regulation to the effect that such deductions are authorized in the absence of employee consent. Thus, appellant argues, the policy statement was within the authority of the Division of Industrial Welfare to take all proceedings necessary to enforce minimum wage regulations in accordance with the law, specifically, the prohibitions of Labor Code section 450. (Lab. Code, §§ 59, 61, 1195.)

■ Generally, the same rules of construction and interpretation which apply to statutes govern the interpretation of rules and regulations of administrative agencies. (*Cal. Drive-In Restaurant Assn.* v. *Clark,* 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028]; *Intoximeters, Inc.* v. *Younger,* 53 Cal.App.3d 262, 270 [125 Cal.Rptr. 864].) The Industrial Welfare Commission acts as a quasi-legislative body in promulgating minimum wage orders. (*Rivera* v. *Division of Industrial Welfare,* 265 Cal.App.2d 576, 586 [71 Cal.Rptr. 739].) ■ Of course, the cardinal rule of construction is that the court should ascertain the intent of the promulgating body so as to effectuate the intended purpose of the statute or regulation. (*East Bay Garbage Co.* v. *Washington Township Sanitation Co.,* 52 Cal.2d 708, 713 [344 P.2d 289]; *California Sch. Employees Assn.* v. *Jefferson Elementary Sch. Dist.,* 45 Cal.App.3d 683, 691 [119 Cal.Rptr. 668]; Code Civ. Proc., § 1859.) This rule has been extended to

---

[2]Appellant in her brief has limited her appeal to that portion of the judgment enjoining enforcement of appellant's "New Policy" of requiring prior revocable employee consent to meal credit deductions from the cash minimum wage.

construction of administrative regulations. (*Cal. Drive-In Restaurant Assn.* v. *Clark, supra.*)

■ Thus, the commission's intent is the most significant factor in interpretation of its wage order. In reaching the conclusion that meal credit deductions without employee consent are authorized by section 4 of order No. 1-74, the trial court properly relied on two additional principles of construction. ■ First, "contemporaneous administrative construction of a statute by an administrative agency charged with its enforcement and interpretation is entitled to great weight unless it is clearly erroneous or unauthorized." (*Rivera* v. *City of Fresno,* 6 Cal.3d 132, 140 [98 Cal.Rptr. 281, 490 P.2d 793].) ■ Second, reenactment of a provision which has a meaning well-established by administrative construction is persuasive evidence that the intent of the enacting authority was to continue the same construction previously applied. (*Cooper* v. *Swoap,* 11 Cal.3d 856, 868 [115 Cal.Rptr. 1, 524 P.2d 97]; *Cal. M. Express.* v. *St. Bd. of Equalization,* 133 Cal.App.2d 237, 239-240 [283 P.2d 1063].)

■ Appellant urges that there was no administrative construction of the prior wage orders, but only an interpretation by the restaurant industry. The record belies this assertion. Since 1952, every minimum wage order relating to the restaurant industry has specified that "when meals are furnished by the employer *as a part of the minimum wage,* they may not be evaluated in excess of the following [cash equivalents] . . . ." (Italics added.) Since at least 1944, it has been the open and recognized practice of the restaurant industry for employers to take a meal credit against the minimum wage without employee consent. Division of Industrial Welfare "Policy" statements prior to the appellant's 1974 notice make no reference to any requirement of employee consent. Moreover, the commission considered a proposal that wage order No. 1-74 expressly requires employee consent to such meal credits, but this was written out of the final version of the order. Just as "[t]he sweep of the statute should not be enlarged by insertion of language which the Legislature has overtly left out" (*People* v. *Brannon,* 32 Cal.App.3d 971, 977 [108 Cal.Rptr. 620]), so the wage order should not be interpreted as including a limitation declined by the commission. In the face of a well-known and documented interpretation and application of the regulation over many years, the commission ratified that construction by reenacting the regulation in substantially the same form, without substantive change.

■

This interpretation was thus properly accepted by the trial court as authoritatively intended by the commission in wage order No. 1-74. However, this is not dispositive of the matter, for it is clear that the administrative regulation, as interpreted, must not conflict with applicable state laws; to the extent that it does so conflict, the regulation is void.

## II

■ Appellant contends that the meal credit provision of order No. 1-74, as construed, violates Labor Code section 450, which provides: "No employer, or agent or officer thereof, or other person, shall compel or coerce any employee, or applicant for employment, to patronize his employer, or any other person, in the purchase of any thing of value."

Respondent argues that the meal credit provision does not permit an employer to "compel or coerce" an employee to "purchase" a meal within the meaning of section 450, but rather merely authorizes the employer to reduce his *cash* minimum wage obligation by part payment "in kind." Thus, respondent contends, the meal credit against the minimum wage otherwise payable is not a "purchase" within section 450, but is instead a partial fulfillment of the employer's minimum wage obligation; where a meal is provided an employee is not entitled to the higher cash minimum wage. Respondent urges that under Labor Code sections 1182 and 1184,[3] the Industrial Welfare Commission has an implied power to authorize in kind payment of wages without employee consent to such manner of payment, and the wage order as construed is a valid exercise of such authority.

■ Administrative bodies and officers have only such powers as have expressly or impliedly been conferred upon them by the Constitution or

[3] Section 1182 provides in pertinent part:
"After the wage board conference and public hearing, as provided in this chapter, the commission may, upon its own motion or upon petition, fix:
"(a) A minimum wage to be paid to employees engaged in any occupation, trade, or industry in this state, which shall not be less than a wage adequate to supply the necessary costs of proper living to, and maintain the health and welfare of such employees."
Section 1184 provides: "After an order has been promulgated by the commission making wages . . . mandatory in any occupation, trade, or industry, the commission may at any time upon its own motion, or upon petition of employers or employees reconsider such order for the purpose of altering, amending, or rescinding such order or any portion thereof. For this purpose the commission shall proceed in the same manner as prescribed for an original order. Such altered or amended order shall have the same effect as the original order."

by statute. (*Ferdig* v. *State Personnel Bd.*, 71 Cal.2d 96, 103 [77 Cal.Rptr. 224, 453 P.2d 728].) In the absence of valid statutory or constitutional authority, an administrative agency may not, under the guise of regulation, substitute its judgment for that of the Legislature. Administrative regulations in conflict with applicable statutes are null and void. (*Harris* v. *Alcoholic Bev. Etc. Appeals Bd.*, 228 Cal.App.2d 1, 6 [39 Cal.Rptr. 192]; *Hodge* v. *McCall*, 185 Cal. 330, 334 [197 P. 86].)

Certain additional principles of construction are helpful to resolution of this controversy. ■ In order that legislative intent be given effect, a statute should be construed with due regard for the ordinary meaning of the language used and in harmony with the whole system of law of which it is a part. (*Anaheim Union Water Co.* v. *Franchise Tax Bd.*, 26 Cal.App.3d 95, 106 [102 Cal.Rptr. 692].) ■ A remedial statute must be liberally construed so as to effectuate its object and purpose, and to suppress the mischief at which it is directed. (*City of San Jose* v. *Forsythe*, 261 Cal.App.2d 114, 117 [67 Cal.Rptr. 754]; *Lande* v. *Jurisich*, 59 Cal.App.2d 613, 616-617 [139 P.2d 657].)

■ Section 450 manifests a legislative intent to protect wage earners against employer coercion to purchase products or services from the employer. In the context of the present case, that section is plainly part of "the established policy of our Legislature of protecting and promoting the right of a wage earner to all wages lawfully accrued to him." (*City of Ukiah* v. *Fones*, 64 Cal.2d 104, 108 [48 Cal.Rptr. 865, 410 P.2d 369].) The Legislature evidently determined "that the evil thus to be guarded against was sufficiently prevalent to require legislative action, and the remedy ought not to be defeated by judicial construction if that result can reasonably be avoided." (*Lande* v. *Jurisich, supra,* 59 Cal.App.2d at p. 617.)

While it may be argued that "in kind" payment of wages is not technically or narrowly speaking a "compelled purchase," there is no perceptible practical difference between the two. Where an employee is not allowed the choice between cash and in kind payment, but rather is forced to accept goods or services from his employer in lieu of cash as part of the minimum wage, the same mathematical result obtains as if the employer had paid the wages in cash with the condition that the employee spend with the employer an amount equal to the allowable credit (here, on a meal) at the end of each shift. This latter practice unquestionably violates section 450. Employers cannot be permitted to evade the salutary objectives of the statute by indirection.

Moreover, sections 1182 and 1184, urged by respondent in support of its contentions, are similarly subject to the rule of liberal construction of remedial legislation. (*California Grape etc. League* v. *Industrial Welfare Com.*, 268 Cal.App.2d 692, 698 [74 Cal.Rptr. 313].) Additionally, the statutes must be construed in harmony with section 450, so as to carry out the fundamental legislative purposes of the whole act. (*Earl Ranch, Ltd.* v. *Industrial Acc. Com.*, 4 Cal.2d 767, 769 [53 P.2d 154]; *Moyer* v. *Workmen's Comp. Appeals Bd.*, 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) In light of the prohibition against compelled purchases in section 450, the implied power of the commission to authorize in kind payments must be limited to situations in which such manner of payment is authorized by specific and prior voluntary employee consent. This limitation is consistent with the strong public policy favoring full payment of minimum wages, which the Legislature has effectuated by making payment of less than the minimum wage unlawful. (Lab. Code, § 1197.)

The judgment is reversed with directions to the trial court to deny the petition for writ of mandate.

Rattigan, J., and Christian, J., concurred.

A petition for a rehearing was denied June 16, 1976, and respondent's petition for a hearing by the Supreme Court was denied July 15, 1976.