[No. A059840. First Dist., Div. Four. Dec. 15, 1993.]

IRMA AGUIRRE, Plaintiff and Respondent, v.
TONY LEE et al., Defendants and Appellants.

COUNSEL

Wiegel & Fried, Clifford E. Fried and Susan Parkinson for Defendants and Appellants.

Randall M. Shaw and Timothy J. Lee for Plaintiff and Respondent.

OPINION

**REARDON, J.**—After a jury verdict in her favor on her action for violation of San Francisco's Residential Rent Stabilization and Arbitration Ordinance (Ordinance) (S.F. Admin. Code, ch. 37), respondent Irma Aguirre was

awarded $75,000 from Tony and Shaw Lee. ■■■ The Lees appeal,[1] contending that (1) section 12.19 of the Rules and Regulations (Regulations, section 12.19) of San Francisco's Residential Rent Stabilization and Arbitration Board is invalid as a matter of law; (2) Aguirre's action is barred by the statute of limitations; (3) the building containing Aguirre's rental unit is exempt from the Ordinance because it underwent substantial rehabilitation after the Ordinance became effective; and (4) the Loma Prieta earthquake's destruction of Aguirre's rental unit terminated her tenancy. We affirm the judgment.

## I. FACTS

In 1983, respondent Irma Aguirre leased residential property on Moss Street in San Francisco. On October 17, 1989, the Loma Prieta earthquake temporarily displaced her from this unit while repairs were made. The premises were not destroyed and neither Aguirre nor the property owners terminated the leasehold.

In February 1990, appellants Tony and Shaw Lee purchased this property. Repair work was completed by September 1, 1990, by which time the Lees had rented the unit to a third party. They made no offer to rent the premises to Aguirre when the repairs were completed. (See Regs., § 12.19.)

On July 31, 1991, Aguirre brought a complaint against the Lees, alleging causes of action for violation of the Ordinance, intentional infliction of emotional distress, fraud, negligence and unfair business practices. She alleged that the Lees acted in knowing violation of the Ordinance. She

---

[1]The Lees filed an appeal from the judgment on the complaint within 60 days of the entry of judgment. Despite the pendency of an unresolved cross-complaint, this appeal is timely. The Lees cross-complained against several parties, not including Aguirre. The cross-complaint was severed from the complaint for trial. It appears that the cross-complaint has not yet been resolved. Ordinarily, a purported final judgment on a complaint rendered without adjudication of all issues raised in a related cross-complaint is not appealable. (*American Nat. Bank* v. *Stanfill* (1988) 205 Cal.App.3d 1089, 1095 [252 Cal.Rptr. 861]; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 56, p. 78.) Appeals taken before entry of final judgment are premature and must be dismissed. (*Horton* v. *Jones* (1972) 26 Cal.App.3d 952, 959 [103 Cal.Rptr. 399].) However, the rule requiring dismissal of an appeal does not apply when the case involves multiple parties and a judgment is entered leaving no issue to be determined as to one party. (See *Justus* v. *Atchison* (1977) 19 Cal.3d 564, 568 [139 Cal.Rptr. 97, 565 P.2d 122] [single complaint, multiple plaintiffs], disapproved on another point in *Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 565 P.2d 122].) If a plaintiff faces no further proceedings in the trial court, the judgment is final as to that plaintiff, even if the defendant has issues in the cross-complaint remaining to be resolved against other parties. (*California Dental Assn.* v. *California Dental Hygienists' Assn.* (1990) 222 Cal.App.3d 49, 60 [271 Cal.Rptr. 410].) Thus, the appeal is timely, not premature, and we must address its merits at this time.

sought treble damages and an injunction precluding the Lees from continuing an unlawful business practice. The Lees answered, challenging the validity of relevant parts of the Ordinance. Before trial, Aguirre withdrew her causes of action for intentional infliction of emotional distress, fraud and unfair business practices, reserving withdrawal of her negligence cause of action. The Lees' motion for judgment on the pleadings—arguing that section 12.19 of the regulations was invalid on its face—was denied.

The case went to trial before a jury on the first cause of action alone—that for violation of the Ordinance. The jury found for Aguirre, awarding her $25,000 in damages, with litigation costs. In special findings, the jury concluded that the unit was not destroyed by the earthquake, that Aguirre did not abandon it when she left after the earthquake, that the Lees refused to offer or to allow Aguirre to return to the unit after repairs were made, and that the Lees acted in knowing violation or reckless disregard of the Ordinance.

The Lees' posttrial renewed motions for judgment on the pleadings and for judgment notwithstanding the verdict were denied. The trial court granted Aguirre's motion for treble damages. She was declared the prevailing party and was awarded $10,680 in attorney fees. Judgment was entered accordingly.

## II. Validity of Regulation

█ First, the Lees contend that section 12.19 is invalid as a matter of law. Aguirre counters that the Lees did not properly preserve this issue for appellate review by raising this issue after trial. We disagree. The Lees' motion for judgment on the pleadings challenged the validity of the regulation. After the motion was denied and trial was completed, they moved for reconsideration of this motion. Thus, this issue was presented to the trial court for posttrial consideration and is now properly before us on appeal.

█ The Lees challenge section 12.19. This regulation provides that if a tenant is forced to vacate his or her rental unit due to a disaster, the landlord must, within 30 days of completion of repairs to the unit, offer the same unit to that tenant under the same terms and conditions as existed before the displacement. If the landlord rerents the unit to another, refusing to allow the prior tenant to return, the landlord has wrongfully recovered that unit in violation of the Ordinance. Under the authority of that ordinance, the former tenant may bring a civil action for injunctive relief, treble damages of not less than three times actual damages, punitive damages and other appropriate relief. The prevailing party is also entitled to reasonable attorney fees and

costs. (Ord., § 37.9, subd. (f); Regs., § 12.19, subds. (a), (d).) The trial court rejected the contention that this regulation was invalid on its face. On appeal, the question of the validity of the regulation presents a question of law for us to decide anew. (*North Coast Coalition* v. *Woods* (1980) 110 Cal.App.3d 800, 805 [168 Cal.Rptr. 95].) The construction of a municipal ordinance is governed by the same rules that apply to construction of a statute. (*Da Vinci Group* v. *San Francisco Residential Rent etc. Bd.* (1992) 5 Cal.App.4th 24, 28 [6 Cal.Rptr.2d 461].)

The Lees argue that this regulation exceeds the intended scope of the Ordinance. The Ordinance only protects tenants in occupancy, they urge, reasoning that a tenant displaced by a natural disaster is as a matter of law not an occupant. They contend that the board's act of promulgating this regulation expands the Ordinance rather than implements it.

█  The legislative body may delegate authority to an administrative board to adopt and enforce reasonable rules for carrying into effect the expressed purpose of an ordinance. It may not delegate to the board the discretion to adopt regulations that abridge, enlarge, extend or modify the enabling statute. (See *Am. Distilling Co.* v. *St. Bd. of Equalization* (1942) 55 Cal.App.2d 799, 805 [131 P.2d 609].) A delegation of authority to an administrative board is proper even though it confers some degree of discretion on the board. As long as the discretion is exercised within the scope of the controlling statute, the administrative regulation will not be disturbed on appeal. (See *Ontario Community Foundations, Inc.* v. *State Bd. of Equalization* (1984) 35 Cal.3d 811, 816 [201 Cal.Rptr. 165, 678 P.2d 378].) However, an administrative regulation that conflicts with its enabling legislation is null and void. (*California State Restaurant Assn.* v. *Whitlow* (1976) 58 Cal.App.3d 340, 347 [129 Cal.Rptr. 824]; see *Desert Environment Conservation Assn.* v. *Public Utilities Com.* (1973) 8 Cal.3d 739, 742-743 [106 Cal.Rptr. 31, 505 P.2d 223].)

█  When enacting regulations, the rent board has the authority to fill in the details of the Ordinance. On appeal, we must determine whether the board's enactment of the challenged regulation constitutes a reasonable interpretation of the Ordinance. (*Fox* v. *San Francisco Residential Rent etc. Bd.* (1985) 169 Cal.App.3d 651, 656 [215 Cal.Rptr. 565].) █  The scope of our appellate review of an administrative regulation is limited to a determination of whether the challenged provision is consistent and not in conflict with the enabling ordinance and is reasonably necessary to effectuate its purpose. The regulation is presumed to be reasonable and lawful. The Lees—the parties challenging the regulation—bear the burden of proving otherwise. (See *id.*, at p. 655; see also *Da Vinci Group* v. *San Francisco Residential Rent etc. Bd.*, *supra*, 5 Cal.App.4th at p. 29.)

The Ordinance limits rent increases that may lawfully be imposed on tenants in occupancy. It defines a tenant as a person entitled by written or oral agreement, by subtenancy approved by the landlord, or by sufferance to occupy a residential dwelling unit to the exclusion of others. The Ordinance focuses on occupancy as the factor that triggers rent control protection. (*Parkmerced Co.* v. *San Francisco Rent Stabilization & Arbitration Bd.* (1989) 215 Cal.App.3d 490, 493 [263 Cal.Rptr. 617].) " 'The clear objective of the [San Francisco Rent] Ordinance and the compelling public policy which gave birth to its enactment, was *the extension of some measure of protection to tenants in residence.*' " (Italics in original.) (*Id.,* at p. 495, citing *Tappe* v. *Lieberman* (1983) 145 Cal.App.3d Supp. 19, 23 [193 Cal.Rptr. 514].)

The Lees argue that the challenged regulation exceeds the scope of the Ordinance because persons displaced by an earthquake are no longer the residents or occupants that the Ordinance was intended to protect. They misinterpret the Ordinance. Remedial legislation such as the Ordinance must be liberally construed to effect its object and purpose and to "suppress the mischief at which it is directed." (*California State Restaurant Assn.* v. *Whitlow, supra,* 58 Cal.App.3d at p. 347; see *Parkmerced Co.* v. *San Francisco Rent Stabilization & Arbitration Bd., supra,* 215 Cal.App.3d at p. 495.) Before the earthquake rendered Aguirre's unit dangerous to inhabit, she *was* an occupant of it. The challenged regulation is intended to preserve her right to reoccupy that same unit once it became habitable again. The Ordinance provides a similar right to reoccupy a unit when a tenant is temporarily displaced to permit a landlord to make capital improvements. (See Ord., § 37.9, subd. (a)(11).) Construing the Ordinance liberally to further its purpose—the protection of tenants who occupy rental units in San Francisco—we are satisfied that the challenged regulation is consistent with the underlying Ordinance. (See *Parkmerced Co.* v. *San Francisco Rent Stabilization & Arbitration Bd., supra,* at p. 495; *California State Restaurant Assn.* v. *Whitlow, supra,* 58 Cal.App.3d at p. 347.) The regulation is valid.

### III. STATUTE OF LIMITATIONS

Next, the Lees contend that Aguirre's action is barred by a one-year statute of limitations. Again, Aguirre contends that this issue was not raised in the trial court and may not be raised for the first time on appeal. In their answer, the Lees asserted the bar of the statute of limitations as an affirmative defense. They requested that the jury be given a special interrogatory to find when the Lees completed repairs to the property. The trial court rejected the request, finding that there was no evidence of completion before July 1, 1990. Addressing the merits of this issue, we find that the July 31, 1991,

complaint was filed within the statutory period. Under the regulation, the Lees had 30 days after completion of the unit repairs within which to offer it to Aguirre. (Regs., § 12.19, subd. (a).) Until the 30 days elapsed and no offer to rerent to her had been made, no wrongful recovery of the unit had occurred. Put another way, until 30 days after July 1, 1990, Aguirre's cause of action for damages did not accrue. (See *Menefee* v. *Ostawari* (1991) 228 Cal.App.3d 239, 245 [278 Cal.Rptr. 805] [wrongful recovery cause of action accrues when wrongful act is done and liability arises].) At that time, the one-year limitations period began to run. (See Code Civ. Proc., §§ 335, 340, subd. (1); *Menefee* v. *Ostawari*, *supra*, at p. 245.) The trial court found that there was no evidence of completion before July 1, 1990. Our review of the evidence confirms this finding was correct. Applying the 30-day accrual period and the 1-year limitation period, Aguirre's July 31, 1991 complaint was timely filed.

## IV. EXEMPTION

■ The Lees also contend that the building containing Aguirre's rental unit is exempt from the Ordinance because it underwent substantial rehabilitation after the Ordinance became effective. Aguirre challenges their right to raise this issue on appeal, as they did not file any posttrial motion to challenge the jury's factual finding that the premises were not substantially rehabilitated. The Lees raised the "substantial rehabilitation" exemption as an affirmative defense in their answer. The jury was instructed on this exemption, being advised that the landlord was obligated to file for an exemption from the rent board.

Section 12.19 permits a landlord to pass on the cost of certain capital improvements to the tenant by petitioning the rent board for an exemption. (Regs., § 12.19, subd. (c).) When an administrative remedy has been provided by statute, this remedy must be exhausted before the courts will act. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715]; *Karlin* v. *Zalta* (1984) 154 Cal.App.3d 953, 979 [201 Cal.Rptr. 379].) Exhaustion of administrative remedies is a jurisdictional requirement. (*Browning-Ferris Industries* v. *City Council* (1986) 181 Cal.App.3d 852, 859 [226 Cal.Rptr. 575].) The Lees presented a petition to the board but would not pay a processing fee. The petition was returned to them by the board. As they have not perfected a petition to the rent board on their application for an exemption, we have no jurisdiction to consider this claim.

## V. TERMINATED TENANCY

■ Finally, the Lees argue that the destruction of Aguirre's rental unit by the Loma Prieta earthquake terminated her tenancy as a matter of law.

They argue that under state law, once real property is destroyed, the rental agreement is terminated as a matter of law. (See Civ. Code, § 1933, subd. 4.) The Lees reason that this state law preempts San Francisco's rent regulation. However, their argument is premised on a faulty assumption—that the rental unit was actually destroyed. The jury was instructed on the issue of destruction of the property. In a special verdict, it found that the premises were *not* destroyed. While the Lees also challenge the sufficiency of evidence to support this finding, we are satisfied that substantial evidence supports it. The Lees chose to repair the building rather than destroy it. That fact alone provides sufficient evidence from which the jury could lawfully conclude that the earthquake did not destroy the building. As the building was not destroyed, the tenancy was not terminated.

## VI.   CONCLUSION

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.