**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROLANDO LEMUS, individually and on behalf of other members of the general public similarly situated, <br><br>         Plaintiff - Appellant, <br><br>   v. <br><br> DENNY'S INC., <br><br>         Defendant - Appellee. | No. 13-55623 <br><br> D.C. No. 3:11-cv-02131-CAB-WVG <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted June 4, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Joan Humphrey Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Plaintiff-Appellant Rolando Lemus appeals the district court's grant of summary judgment to Defendant-Appellee Denny's Inc. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review a district court's decision to grant summary judgment de novo." *Carver v. Holder*, 606 F.3d 690, 695 (9th Cir. 2010). "We may affirm the district court on any basis supported by the record." *Moreno v. Baca*, 431 F.3d 633, 638 (9th Cir. 2005).

1. Lemus argues that Denny's is required, under California Labor Code section 2802, to reimburse its employees for the cost of slip-resistant shoes as "necessary expenditures . . . incurred by the employee[s]." Further, Lemus argues that section 2802 applies, because the slip-resistant footwear at issue in this case is not regulated by either the federal Occupational Safety and Health Act of 1970 ("OSHA") or by the California Occupational Safety and Health Act of 1973 ("CAL/OSHA").

It is not necessary to decide the applicability of OSHA or CAL/OSHA, because, even if section 2802 applies, it does not require Denny's to reimburse the cost of its employees' slip-resistant footwear. California Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of

2

the discharge of his or her duties." Lemus has not presented any authority that has applied section 2802 in a way that requires an employer to pay for an employee's non-uniform work clothing. Nor can he, because (under California law) a restaurant employer must only pay for its employees' work clothing if the clothing is a "uniform" or if the clothing qualifies as certain protective apparel regulated by CAL/OSHA or OSHA. *See* Cal. Code Regs. tit. 8, § 11050(9)(A) (2001). California's Division of Labor Standards Enforcement ("DLSE") has clarified:[1]

> The definition and [DLSE] enforcement policy is sufficiently flexible to allow the employer to specify basic wardrobe items which are <u>usual and generally usable in the occupation</u>, such as white shirts, dark pants and black shoes and belts, all of unspecified design, without requiring the employer to furnish such items. If a required black or white uniform or <u>accessory</u> does not meet the test of being generally usable in the occupation the emplolyee [sic] may not be required to pay for it.

Cal. Office of the State Labor Comm'r, Div. of Labor Standards Enforcement, Dep't of Indus. Relations, Opinion Letter No. 1990.09.18 1 (1990) (alteration in original). Lemus has not argued that the black, slip-resistant shoes that he purchased were part of a "uniform" or were not "generally usable in the

---

[1]"The DLSE's opinion letters, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 958 (9th Cir. 2013) (internal quotation marks omitted).

[restaurant] occupation." *See id.* In fact, Lemus's counsel conceded at oral argument that this was not a uniform situation. Therefore, despite the general indemnification provision in section 2802, under California labor law, Denny's is not required to provide the cost of slip-resistant footwear. Thus, the district court did not err in granting summary judgment to Denny's on this claim.[2]

2. Lemus argues that Denny's violated California Labor Code section 221 when it deducted from the wages of its employees the cost of slip-resistant footwear its employees purchased from a preferred third-party vendor. California Labor Code section 221 reads, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." However, California Labor Code section 224 provides an exception:

> The provisions of Section[] 221 . . . shall in no way make it unlawful for an employer to withhold or divert any portion of an employee's wages when . . . a deduction is expressly authorized in writing by the employee to cover . . . deductions not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining or pursuant to wage agreement or statute . . . .

---

[2]Because we do not reach the issue of whether OSHA preempts section 2802, we need not address Lemus's alternative contention that CAL/OSHA requires reimbursement for slip-resistant footwear. Lemus made it clear in his briefing that he only provided the CAL/OSHA argument in case the panel concluded that 2802 was preempted by OSHA.

Lemus argues that Denny's employees did not expressly authorize in writing wage deductions when they ordered slip-resistant shoes electronically. This argument fails, because California law explicitly states that "[i]f a law requires a record to be in writing, an electronic record satisfies the law." Cal. Civ. Code § 1633.7(c); *see also Rickards v. United Parcel Serv., Inc.*, 142 Cal. Rptr. 3d 916, 919 (Ct. App. 2012). Lemus ordered his shoes online and logged onto the computer using a personal password. Therefore, the district court did not err in granting Denny's motion for summary judgment on this claim.[3]

3. Lemus argues that Denny's violated California Labor Code section 450 by "coercing" its employees to buy slip-resistant shoes from its preferred vendor. The few cases that have addressed the issue of coercion under section 450 (and found at least a triable issue of fact) involved situations in which the employer actually required the employee to purchase something from the employer, *see Harris v. Vector Mktg. Corp.*, 656 F. Supp. 2d 1128, 1144-45 (N.D. Cal. 2009), or required its employees to take something of value, such as meal credits, in lieu of

---

[3]Lemus also argues that section 224 should be interpreted in a way that makes the exception inapplicable to this case. We find Lemus's interpretation unpersuasive, because it runs directly contrary to the statute's plain language and the DLSE's interpretation of the statute in its letter dated July 31, 1998. *See* Cal. Office of the State Labor Comm'r, Div. of Labor Standards Enforcement, Dep't of Indus. Relations, Opinion Letter No. 1998.07.31 2 (1998).

wages, *Cal. State Rest. Ass'n v. Whitlow*, 129 Cal. Rptr. 824, 828 (Ct. App. 1976). These cases are of little help to Lemus, because it is undisputed that Denny's did not require its employees to purchase shoes from its preferred vendor.

Neither is Lemus's position supported by the dictionary definitions of coercion and compulsion he puts forth. Black's Law Dictionary defines "coercion" as "[c]ompulsion by physical force or threat of physical force." Black's Law Dictionary 294 (9th ed. 2009). "Compel" is defined as "[t]o cause or bring about by force, threats, or overwhelming pressure." *Id.* at 321. Even if we apply these definitions, viewing the facts in the light most favorable to Lemus, we conclude that Denny's did not coerce or compel Lemus to buy shoes from its preferred vendor. There is no evidence that Denny's threatened Lemus or indicated that it would punish Lemus if he did not buy his shoes from its preferred vendor. No one ever checked to see if his shoes were from the preferred vendor, and Lemus never checked any other employees' shoes when he was a manager. Although Lemus's facts, when taken in the light most favorable to him, show some pressure to purchase from the preferred vendor, Denny's certainly did not utilize physical force or threat of force, nor did it exert *overwhelming* pressure on its employees. Thus, the district court did not err in granting Denny's summary judgment on this issue.

6

**AFFIRMED.**