Filed 6/4/19; Certified for Publication 7/8/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| KRISTA TOWNLEY, | C086672 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCVUOE20140003168) |
| v. | |
| BJ'S RESTAURANTS, INC., | |
| Defendant and Respondent. | |

Plaintiff Krista Townley (Townley) appeals from the judgment entered after the trial court granted summary judgment in favor of defendant BJ's Restaurants, Inc. (BJ's) on her sole cause of action under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.; PAGA),[1] which sought civil penalties on behalf of herself and other "aggrieved employees" for Labor Code violations.[2] In this appeal, we are

---

[1] Undesignated statutory references are to the Labor Code.

[2] Under PAGA, "an 'aggrieved employee' may bring a civil action personally and on behalf of other current or former employees to recover civil penalties for Labor Code

1

asked to determine whether section 2802 requires an employer to reimburse its employees for the cost of slip-resistant shoes as "necessary expenditures . . . incurred by the employee[s] in direct consequence of the discharge of [their] duties." (§ 2802, subd. (a).) Because we conclude the statute does not impose such a requirement, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed. BJ's is a California corporation that operates 63 restaurants in California. From approximately April 2011 to April 2013, Townley worked at a BJ's restaurant in Stockton as a server.

To avoid slip and fall accidents, BJ's adopted a safety policy that required all hourly restaurant employees to wear black, slip-resistant, close-toed shoes. The policy did not require employees to purchase a specific brand, style, or design of shoes. Nor did the policy prohibit employees from wearing their shoes outside of work.

During her employment with BJ's, Townley purchased a pair of canvas shoes that complied with BJ's policy but was not reimbursed for the cost of the shoes, which was consistent with BJ's policy and practice.

In April 2014, Townley filed a class and representative action against BJ's, alleging two PAGA claims for Labor Code violations.[3] In October 2015, she filed a first amended complaint, styled as a representative action, alleging one PAGA claim, seeking civil penalties on behalf of herself and other "aggrieved employees" for Labor Code violations. In support of her PAGA claim, Townley alleged: "[BJ's] failed to reimburse

violations. [Citation.] Of the civil penalties recovered, 75 percent goes to the Labor and Workforce Development Agency, leaving the remaining 25 percent for the 'aggrieved employees.' " (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980-981, fn. omitted.) An " 'aggrieved employee' " is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." (§ 2699, subd. (c).)

[3] "Actions under [PAGA] may be brought as class actions." (*Arias v. Superior Court, supra*, 46 Cal.4th at p. 981, fn. 5.)

2

restaurant employees for a business expense associated with a required safety item. In particular, BJ's requires hourly restaurant employees to wear 'slip resistant, black, close-toed shoes' for safety reasons. Employers are required to furnish and provide safety equipment to employees free of charge pursuant to [workplace safety standards in] Labor Code §§ 6401 and 6403. [Citation.] . . . [BJ's] did not provide such shoes free of cost, or reimburse restaurant employees for their cost, all in violation of Labor Code § 2802. Violations of Labor Code § 2802 give[] rise to a PAGA action under Labor Code § 2699.5."

In October 2017, BJ's filed a motion for summary judgment. It argued, among other things, that Townley's PAGA claim failed because BJ's is not required, as a matter of law, to reimburse its hourly restaurant employees for the cost of slip-resistant shoes under the Labor Code. In her opposition, Townley abandoned her "PAGA theory based on violations of §§ 6401 and 6403,"[4] stating that the first amended complaint's "reference to a . . . duty under Cal-OSHA §§ 6401 and 640[3] to provide safety items is an alternative theory of liability that [Townley] has chosen not to pursue." Instead,

_____

[4] Sections 6401 and 6403 are provisions under the California Occupational Safety and Health Act of 1973 (Cal-OSHA) (§ 6300 et seq.). The provisions of Cal-OSHA are intended to "assur[e] safe and healthful working conditions for all California working men and women by authorizing the enforcement of effective standards, assisting and encouraging employers to maintain safe and healthful working conditions, and by providing for . . . enforcement in the field of occupational safety and health." (§ 6300.) Section 6401 provides: "Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees." Section 6403 similarly requires employers to "provide and use safety devices and safeguards reasonably adequate to render the employment and place of employment safe"; "adopt and use methods and processes reasonably adequate to render the employment and place of employment safe"; and "do every other thing reasonably necessary to protect the life, safety, and health of employees." (§ 6403, subds. (a)-(c).)

3

Townley argued that summary judgment was improper because BJ's had failed to show that it was not required to reimburse its employees for the cost of slip-resistant shoes under section 2802, which requires an employer to reimburse "employee[s] for all necessary expenditures . . . incurred by the employee[s] in direct consequence of the discharge of [their] duties . . . ." (§ 2802, subd. (a).) Townley maintained that "[BJ's] arguments about [her] ability to prove a Cal-OSHA violation have no relevance to [her] actual PAGA claim, which is based solely on [BJ's] violation of its reimbursement obligations under § 2802." Townley argued that "§ 2802 imposes an independent duty [on an employer] to reimburse employees' business expenses that they incurred in order to perform their duties to the employer, regardless of any other statutory or regulatory obligation that also may exist, including under Cal-OSHA or . . . Wage Order [No. 5]."[5] In reply, BJ's argued that Townley's "attempt to apply . . . § 2802 in a way that would mandate reimbursement for slip-resistant footwear is preempted by the Federal Occupational Safety and Health Act of 1970 [OSHA], which does not require employers to pay for slip-resistant shoes." BJ's further argued that, "[e]ven assuming *arguendo* that . . . § 2802 is not preempted by [OSHA], [Townley's PAGA] claim still fails because employers are not required to provide or pay for non-uniform work clothing under California law."

In January 2018, the trial court granted summary judgment, finding that Townley could not establish that BJ's violated California law by failing to reimburse its employees

---

[5] Labor Code and Industrial Welfare Commission (IWC) wage order No. 5-2001 (Wage Order No. 5) governs the public housekeeping industry, which includes restaurants. (Wage Order No. 5, Cal. Code Regs., tit. 8, § 11050, subd. 2(P)(1).) As relevant here, Wage Order No. 5 provides: "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color. [¶] NOTE: This section shall not apply to protective apparel regulated by the Occupational Safety and Health Standards Board." (Cal. Code Regs., tit. 8, § 11050, subd. 9(A).)

for the cost of slip-resistant shoes.  In so ruling, the court concluded that OSHA and Cal-OSHA specifically provide that an employer is not required to reimburse employees for the cost of non-specialty shoes that offer some slip-resistant characteristics, but are otherwise ordinary clothing in nature.[6]  The court further concluded that because the reimbursement exception under OSHA and Cal-OSHA for non-specialty, slip-resistant shoes is more specific than the general reimbursement language in section 2802, it must harmonize the seemingly conflicting statutes by interpreting section 2802 to mean that the cost of slip-resistant shoes is not a "necessary expenditure" within the meaning of the statute.

Following the entry of judgment, Townley filed a timely notice of appeal.

**DISCUSSION**

**1.0     Standard of Review**

We review an order granting summary judgment de novo.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860.)  We make an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there is no triable issue as to any material fact and the moving party

---

[6] In reaching this conclusion, the trial court relied on an OSHA regulation involving an employer's obligation to provide certain protective equipment to employees at no cost. The regulation identifies specific items for which an employer is not required to pay.  As relevant here, the regulation states that an "employer is not required to pay for non-specialty safety-toe protective footwear (including steel-toe shoes or steel-toe boots) . . . , provided that the employer permits such items to be worn off the job-site."  (29 C.F.R. § 1910.132(h)(2).)  The court also relied on a 2011 OSHA directive, which interpreted this regulation as not requiring employers to "pay for non-specialty shoes that offer some slip-resistant characteristics, but are otherwise ordinary clothing in nature."  (See OSHA, Enforcement Guidance for Personal Protective Equipment in General Industry, Directive No. CPL 02-01-050 (Feb. 10, 2011) p. 36 <https://www.osha.gov/sites/default/files/enforcement/directives/CPL_02-01-050.pdf> [as of June 4, 2019], archived at: <https://perma.cc/LJ9P-NTWL>.)  The court concluded that this rule applies in California because California did not adopt a Cal-OSHA regulation requiring employers to reimburse employees for the cost of such footwear.

is entitled to a judgment as a matter of law. (*Doe v. Good Samaritan Hospital* (2018) 23 Cal.App.5th 653, 661.) " 'We will affirm a summary judgment if it is correct on any ground, as we review the judgment, not its rationale.' " (*Marshall v. County of San Diego* (2015) 238 Cal.App.4th 1095, 1107.)

## 2.0    The Trial Court Properly Granted Summary Judgment

Townley contends the trial court erred in granting summary judgment because BJ's is required, as a matter of law, to reimburse its employees for the cost of slip-resistant shoes under section 2802. According to Townley, the slip-resistant shoes at issue in this case are not items regulated by either OSHA or Cal-OSHA, as BJ's required its employees to wear the shoes as part of a company safety policy, not to comply with the requirements of OSHA or Cal-OSHA. Because we assume for purposes of this appeal that section 2802 applies, we need not and do not decide the applicability of OSHA or Cal-OSHA. For the reasons stated *post*, we will affirm the judgment.

In 2015, the United States Court of Appeals, Ninth Circuit, in an unpublished opinion, decided the identical issue presented in this appeal. In that case, the court held that section 2802 did not require Denny's Inc. (Denny's) to reimburse its employees for the cost of slip-resistant shoes. (*Lemus v. Denny's Inc.* (9th Cir. 2015) 617 Fed.Appx. 701, *703 (*Lemus*).)[7] In so holding, the court reasoned as follows: "It is not necessary to decide the applicability of OSHA or CAL/OSHA, because, even if section 2802 applies, it does not require Denny's to reimburse the cost of its employees' slip-resistant footwear. California Labor Code section 2802[, subdivision] (a) provides that '[a]n employer shall indemnify his or her employee for all necessary expenditures or losses

---

[7] We note that *Lemus* is citable as persuasive, although not precedential, authority. (*Pacific Shore Funding v. Lozo* (2006) 138 Cal.App.4th 1342, 1352, fn. 6 ["California Rules of Court, rule 977 [now rule 8.1115(a)], . . . only bars citation of unpublished *California* opinions"].) In the trial court, BJ's argued that Townley's theory of liability predicated on a violation of section 2802 was foreclosed by *Lemus*. In granting summary judgment, the trial court did not rely on or discuss *Lemus*.

incurred by the employee in direct consequence of the discharge of his or her duties.' Lemus has not presented any authority that has applied section 2802 in a way that requires an employer to pay for an employee's non-uniform work clothing.  Nor can he, because (under California law) a restaurant employer must only pay for its employees' work clothing if the clothing is a 'uniform' or if the clothing qualifies as certain protective apparel regulated by CAL/OSHA or OSHA.  *See* Cal. Code Regs. tit. 8, § 11050(9)(A) (2001)." (*Lemus*, at p. *703.)

The Ninth Circuit explained, "California's Division of Labor Standards Enforcement ('DLSE') has clarified:[8] [¶]  'The definition and [DLSE] enforcement policy is sufficiently flexible to allow the employer to specify basic wardrobe items which are *usual and generally usable in the occupation*, such as white shirts, dark pants and black shoes and belts, all of unspecified design, without requiring the employer to furnish such items.  If a required black or white uniform or *accessory* does not meet the test of being generally usable in the occupation the emplolyee [*sic*] may not be required to pay for it.'  [¶]  Cal. Office of the State Labor Comm'r, Div. of Labor Standards Enforcement, Dep't of Indus. Relations, Opinion Letter No. 1990.09.18 1 (1990) (alteration in original).  Lemus has not argued that the black, slip-resistant shoes that he purchased were part of a 'uniform' or were not 'generally usable in the [restaurant] occupation.'  [Citation.]   In fact, Lemus's counsel conceded at oral argument that this was not a uniform situation.  Therefore, despite the general indemnification provision in section 2802, under California labor law, Denny's is not required to provide the cost of

---

**8**  " 'The DLSE's opinion letters, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.' "  (*Lemus, supra*, 617 Fed.Appx. at p. *703, fn. 1; see *Troester v. Starbucks Corp.* (2018) 5 Cal.5th 829, 841 [DLSE opinion letters are "not binding, although they may be a source of informed judgment to which courts and litigants may resort for guidance"].)

slip-resistant footwear.  Thus, the district court did not err in granting summary judgment to Denny's on this claim." (*Lemus, supra*, 617 Fed.Appx. at p. *703, fn. omitted.)[9]

We are persuaded by the reasoning of *Lemus* and follow it here.  We conclude that BJ's is not required, as a matter of law, to reimburse its employees for the cost of the slip-resistant shoes at issue in this case under section 2802.  The cost of the shoes does not qualify as a "necessary expenditure" within the meaning of the statute.  Here, like in *Lemus*, Townley has not argued that the slip-resistant shoes she was required to purchase were part of a uniform or were not usual and generally usable in the restaurant occupation.  Further, she does not cite any authority holding that an employer is required, under section 2802, to reimburse an employee for basic, non-uniform wardrobe items, such as the slip-resistant shoes at issue in this case.[10]  Accordingly, the trial court did not err in granting summary judgment.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to BJ's.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

      _____s/BUTZ_____, Acting P. J.

---

[9]  In a footnote, the Ninth Circuit noted that because it did not reach the issue of whether OSHA preempts section 2802, it need not address Lemus's alternative contention that Cal-OSHA requires reimbursement for slip-resistant footwear, explaining that "Lemus made it clear in his briefing that he only provided the CAL/OSHA argument in case the panel concluded that [section] 2802 was preempted by OSHA." (*Lemus, supra*, 617 Fed.Appx. at p. *703, fn. 2.)

[10]  Given our conclusion, we do not address Townley's argument that the trial court erred in concluding the "OSHA Exception" (i.e., 29 C.F.R. § 1910.132(h)(2)) applies to this case and conflicts with and supersedes the reimbursement obligations imposed on employers under section 2802.  Nor do we address the alternative grounds for affirmance asserted by BJ's, including BJ's contention that OSHA preempts section 2802.

We concur:

_____
DUARTE, J.


_____
RENNER, J.

Filed 7/5/19

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| KRISTA TOWNLEY, | C086672 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCVUOE20140003168) |
| v. | ORDER GRANTING PUBLICATION |
| BJ'S RESTAURANTS, INC., | [NO CHANGE IN JUDGMENT] |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Carter P. Holly, Judge. Affirmed.

Keller Grover LLP, Eric A. Grover and Robert W. Spencer; Gaines & Gaines, Miriam Leigh Schimmel for Plaintiff and Appellant.

Sheppard Mullin Richter & Hampton LLP, Matthew Martin Sonne for Defendant and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on June 4, 2019, was not certified

for publication in the Official Reports. For good cause, we grant defendant and

respondent's request to publish the opinion in the Official Reports, and it is so ordered.

            s/BUTZ           , Acting P. J.

We concur:

1

_____s/DUARTE_____, J.


_____s/RENNER_____, J.